## Blakeley v. Upper Merion Township Zoning Board of Adjustment

*Victor J. Roberts,* for appellants.

*James E. Meneses,* for appellee.

GROSHENS, P. J., February 15, 1967.—On March 9, 1966, the Upper Merion Township engineer, by letter addressed to Sears, Roebuck and Co., ordered the removal of certain "fencing and other metal materials" from an exterior storage enclosure located on premises leased by appellants to Sears, Roebuck and Co.

The removal order specified March 18, 1966, as the date on which the materials were to be removed. This date was later extended by the township manager to April 9, 1966, and again extended to May 10, 1966. During the intervening period between March 9 and May 10, 1966, various discussions were held between representatives of appellants and the township relating to the propriety of said order. An appeal was filed on May 18, 1966, with the Zoning Board of Adjustment of Upper Merion Township (hereinafter referred to as the board).

The basis of appellants' appeal to the board was that the order of the township engineer was invalid because it represented an erroneous interpretation of the Upper Merion Township Zoning Ordinance of 1942, as amended (hereinafter referred to as the ordinance), and if it represented a correct interpretation of the ordinance, the ordinance as applied to appellants was unconstitutional. In the alternative, appellants requested that the board, if the order was found to be proper and constitutional, consider the appeal as for a special exception or variance to permit the outdoor storage of materials under subsection D of section 1120 of the ordinance.

On June 14, 1966, a public hearing was held by the board, and on July 27, 1966, the board denied the appeal.

On August 17, 1966, appellants filed an appeal to this court from the adverse decision of the board, which appeal was allowed.

The essential facts are not in dispute. In August of 1964, construction of a steel and masonry warehouse and office building, to comprise over 200,000 square feet of floor space, was begun by appellants on a 25.17 acre tract of land in an S-M suburban metropolitan zoning district, situate on the southeast corner of Moore Road and Valley Forge Road in the King of Prussia Industrial Park. In May of 1965, the completed building and related improvements were occupied by Sears, Roebuck and Co. as tenant. The building and improvements were constructed in accordance with plans which were submitted to, approved by and filed with the township in conjunction with the issuance, on August 21, 1964, of building permit no. 3276. This building was occupied and used in conformity with a Use and Occupancy Permit issued by the township on June 3, 1965.

As shown by the building plans, an exterior storage enclosure was constructed as part of the warehouse and office building. The storage enclosure is comprised of a rectangular concrete base measuring approximately 100 feet by 251 feet, completely enclosed on three sides with a seven-foot high chain-link fence topped with a barbed-wire attachment, and on the fourth side by the easterly wall of the warehouse and office building. One-half of the area of the storage enclosure is covered by a roof attached to the building. The enclosure has been used by Sears, Roebuck and Co. for the warehousing of various commodities such as fencing, extension ladders, camper trailers and small boats.

At the hearing before the board, there was testimony to the effect that storage enclosures as here involved normally are part of modern warehousing and

distributing operations. Furthermore, outdoor storage exists within the zoning district, and is permitted by the township as accessory to other permitted uses.

The decision of the board is based on an erroneous interpretation of the ordinance. There is no limitation in the ordinance on the kind of products which may be wholesaled, warehoused and distributed from any property in this district; nor is there any general requirement that the warehousing and distributing use here involved be conducted within a building, except to the extent required by the provisions of section 1120, D and H, which read as follows:

"Section 1120. Use Regulations. A building may be erected, altered or used, and a lot may be used or occupied for any of the following purposes, and no other:

"D. Wholesaling, warehousing and distributing, provided that no outdoor storage of materials shall be permitted, and excluding storage and sale of lumber, ice, coal and petroleum.

"H. Accessory use on the same lot with and customarily incidental to any of the foregoing permitted uses".

The board should not have construed "outdoor storage of materials" to embrace the outdoor storage of finished manufactured products or commodities, since zoning ordinances must be strictly construed: Fidler v. Zoning Board of Adjustment, 408 Pa. 260 (1962).

Our construction of the language "outdoor storage of materials" is supported by a comparison with section 1075, D, relating to commercial districts, which reads as follows: ". . . storage or warehousing shall be fully enclosed within a building . . .", and with section 1004, also relating to commercial districts, which reads as follows: ". . . all business shall be conducted within a completely enclosed building. . . ."

In the latter sections relating to commercial districts, the legislative body made it precisely clear that storage or warehousing must be "fully enclosed within a building", and that all business must be conducted within a "completely enclosed building".

The absence of such clear descriptive language in section 1120, D, makes it certain that the whole operation of wholesaling, warehousing and distribution need not be "fully enclosed within a building", or "conducted within a completely enclosed building".

At the hearing before the board, it was established that outdoor storage of certain finished commodities in an enclosure attached to a warehouse building is a normal and important aspect of the warehousing and distributing of finished goods and products. Such a use is a logical part of warehousing and distributing. It must be allowed as a matter of right in a zoning district which expressly permits warehousing and distributing, since any normally related activity of an expressly permitted use must likewise be permitted: Borden Appeal, 369 Pa. 517 (1952), which held that the authorization of the erection of an apartment building authorizes anything which normally accompanies the usual operation of an apartment building.

The proviso in section 1120, D, of the ordinance, that ". . . no outdoor storage of materials shall be permitted . . .", certainly was not intended to prohibit outdoor storage of manufactured commodities in an enclosure attached to the warehouse building, as in the present case. The intent in using the word "materials" should be strictly construed and not presumed to be any broader than plainly indicated. It was not intended that the word "materials" should include finished or manufactured commodities warehoused and distributed in and from the attached enclosure. This is evident from the contrasting language of section 950 of the ordinance, relating to A-R administrative and

research districts, which provides that ". . . no exterior storage of materials or equipment shall be permitted . . .". The addition of the word "equipment" in section 950 shows that the word "materials" was not regarded as being broad enough to cover "equipment". Since the word "equipment" was not added to the proviso of section 1120, D, items such as tools, machinery, vehicles, storage pallets, maintenance items and anything else which might be deemed "equipment" may be rightfully stored outdoors in this district and not violate the proviso against outdoor storage of "materials".

The word "materials" is defined by Webster's Third New International Dictionary (unabridged), 1963, as follows: "The basic matter (as metal, wood, plastic, fiber) from which the whole or the greater part of something physical (as a machine, tool, building, fabric) is made". "Materials" should be construed to mean raw materials, and not manufactured commodities as are involved in this case. An ordinance in derogation of the common law must be construed strictly, and the ordinary meaning of a word must be given full consideration in its interpretation: Peterson v. Zoning Board of Adjustment, 412 Pa. 582 (1963).

Since wholesaling, warehousing and distributing are expressly permitted uses in section 1120, D, the warehousing and distributing of the manufactured commodities and products within the storage enclosure attached to the warehouse are permitted.

The only construction which properly can be applied to the proviso in question, and that which renders the entire section (1120) meaningful and consistent with the authority of Borden Appeal, supra, is that the intent of the ordinance is to prohibit only outdoor storage of raw materials as a principal use on any property in this district.

698

·ORDER

And now, February 15, 1967, the decision of the Upper Merion Township Zoning Board of Adjustment is reversed.